**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KAREN M. HEARD**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARRETT ANDREW PLUMLEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1203-CR-131 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D02-1107-FC-750

**October 2, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Garrett Andrew Plumlee appeals his three-year sentence for Class D felony criminal recklessness. He contends that the trial court failed to consider certain mitigators and his sentence is inappropriate in light of the nature of the offense and his character. Because we find no trial court error and Plumlee has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

**Facts and Procedural History**

On July 4, 2011, Plumlee came home and saw that Jesse Heckman was there visiting with his wife, Robin. Plumlee and Heckman got in an argument and Plumlee told Heckman to leave. Heckman left the home with Robin and her two children, walking them to a relative's house nearby. As Heckman walked through an alley toward his car, Plumlee approached him with a "buck style" knife. Appellant's Confidential App. p. 11. Plumlee swung at Heckman three times, Heckman threw a trash can at Plumlee, and Plumlee stabbed Heckman once in his right side. *Id.* Heckman was taken to the hospital and required surgery for his injury.

Plumlee turned himself in to the police, and the State charged him with Class C felony battery by means of a deadly weapon. The State later filed a second count of Class D felony criminal recklessness. In January 2012, the State indicated that it would dismiss the Class C felony battery charge if Plumlee pled guilty to Class D felony criminal recklessness, with the parties to argue sentencing. Tr. p. 4-8, 11. Plumlee pled

guilty to Class D felony criminal recklessness and the trial court sentenced him to three years executed at the Department of Correction.

Plumlee now appeals.

## Discussion and Decision

Plumlee contends both that the trial court did not properly consider certain mitigating factors and that his sentence is inappropriate in light of the nature of the offense and his character.

## II. Mitigating Factors

Plumlee argues that the trial court erred by failing to consider certain mitigating factors when determining his sentence, specifically: (1) his completion of the Celebrating Recovery Program; (2) his acceptance into Churches Embracing Offenders program; (3) his ADHD; (4) his remorse for Heckman's injuries; (5) that the stabbing happened during "mutual combat"; and (6) that he turned himself in and pled guilty. Appellant's Br. p. 8-10. We disagree.

Determining what is a proper mitigating circumstance is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court does not have to accept the defendant's arguments as to what the mitigating factors are, *id.*, and "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Also, it is well settled that we do not review the weight given to an aggravator or mitigator on appeal. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.

2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

The record in this case shows that the trial court did explicitly state Plumlee's completion of the Celebrating Recovery Program, his ADHD, and his remorse to be mitigators, so there was no error. Tr. p. 27. As for the other three mitigating factors raised by Plumlee, he has failed to show that they are both significant and clearly supported by the record. The only evidence of Plumlee's completion of the Celebrate Recovery Program was his attorney's assertion of such at the sentencing hearing, and there is no evidence in the record that supports the contention that the stabbing happened during "mutual combat."[1] Without clear support, Plumlee has failed to persuade us that the trial court erred as to these mitigators.

As for the guilty plea, this is not a significant mitigating factor in this case. While we have long realized that pleading guilty deserves some mitigating weight, "a plea is not necessarily a *significant* mitigating factor." *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005) (emphasis added). Additionally, its significance is lessened if there is substantial evidence of the defendant's guilt or the defendant receives a substantial benefit from the plea. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) ("a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the

---

[1] The State does mention that there is some evidence of mutual combat from a deposition that was taken, but that deposition is not in the record for our review.

4

decision to plead guilty is merely a pragmatic one."), *trans. denied*. In this case, there was substantial evidence of Plumlee's guilt, including a detailed identification of Plumlee from Heckman and Plumlee's own admission when he turned himself in to the police. By pleading guilty, Plumlee was able to have a Class C felony charge dismissed, a charge that could have carried a penalty of up to eight years imprisonment. The benefit Plumlee gained was substantial, so the trial court did not err in failing to consider his guilty plea as a mitigating factor.

## II. Inappropriate Sentence

Plumlee also argues that his three-year executed sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

5

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class D felony is six months to three years, with one and one-half years being the advisory term. Ind. Code § 35-50-2-7. Here, the trial court sentenced Plumlee to three years executed in the DOC. This sentence is within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Plumlee engaged in a verbal altercation with Heckman at his home, and when Heckman tried to walk away, Plumlee followed him. Instead of letting the situation diffuse, Plumlee brought "a knife to a fist fight," Tr. p. 27, and attacked Heckman. The nature of the offense is serious.

Regarding Plumlee's character, he has an extensive criminal history. He has convictions for, among other things, felony dealing in methamphetamine, possession of methamphetamine, attempted theft, resisting law enforcement, and operating a motor vehicle while intoxicated. Appellant's Confidential App. p. 37-38. The trial court noted an escalating nature of his offenses, and his recidivism shows that he was not deterred from criminal activity through his previous contacts with the criminal-justice system. Plumlee has violated probation and parole, and his criminal history has been constant

since the age of sixteen. Plumlee has not convinced us that his character warrants a reduction in his sentence.

After due consideration of the trial court's decision, we cannot say that Plumlee's three-year executed sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J., and BARNES, J., concur.