**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT POWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A04-1207-CR-375 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-1104-FA-8

**February 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Robert Powell appeals his fifteen-year executed sentence for Class B felony criminal deviate conduct. He contends that the trial court erroneously considered his dismissed charges as an aggravating factor and failed to consider certain mitigating factors, and his sentence is inappropriate in light of the nature of the offense and his character. Because Powell has failed to persuade us that the trial court erred or that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

**Facts and Procedural History**

Powell and his wife adopted S.P. and her twin sister M.P. in 1995 when the girls were twelve years old. Powell was aware that both girls had previously been sexually abused by their biological parents. Tr. p. 50. S.P. has an IQ of 53, which places her in the mildly or moderately mentally handicapped range. Powell first had sex with S.P. when she was fourteen years old, and their sexual relationship increased once M.P. moved out of the house.

Powell sexually abused S.P. for a number of years, but he convinced S.P. that they were in a mutual and loving relationship. *Id.* at 43, 55. Powell also told S.P. that it "was their relationship [and his wife] was not to know" about it. *Id.* at 55. Powell tried to keep the relationship a secret from his wife, but despite this effort, Powell's wife caught Powell kissing S.P. in the garage one time. *Id.* at 56. Powell's wife threatened S.P. that if she ever did it again, S.P. would have to move out. *Id.*

S.P. estimated that over the years, she and Powell had sex over two hundred times and at least twice a week. They had oral sex and looked at pornography together. S.P.

told police they had sex in his bedroom, her bedroom, on the couch, elsewhere in the house, in the back of his truck, and once while visiting S.P.'s grandmother in Alabama. State's Ex. 1. Powell kept various sex toys in his dresser for S.P. to use. Powell also kept pictures of S.P.'s breasts on his phone and used them to masturbate.

As a result of Powell's actions, S.P. is scared of men and does not trust them. She also has nightmares almost every night about Powell. Tr. p. 94. She will wake up crying and beg M.P. to make Powell stop hurting her and to make him get off of her. In her nightmares, Powell threatens to kill M.P. and M.P.'s son if S.P. does not do what he wants. *Id.* at 80.

In July 2010, when these allegations against Powell came to light, the State obtained a protective order, preventing Powell from having contact with S.P and M.P. In April 2011, the State charged Powell with Class A felony child molesting, Class B felony criminal deviate conduct, two counts of Class B felony sexual misconduct with a minor, two counts of Class B felony rape, and Class D felony perjury. Powell pled guilty to Class B felony criminal deviate conduct, and the State dismissed all the other charges. Sentencing was left to the sole discretion of the trial court.

At the sentencing hearing, Powell introduced into evidence the written evaluation from Dr. Edward Connor, a psychologist and specialist in the area of sexual offender treatment and assessment. Def. Ex. A. Dr. Connor also testified, stating that he believed that Powell was at a low risk to reoffend and that he would be a good candidate for probation or a suspended sentence. Tr. p. 35-36. Probation Officer Patricia Ritzmann also assessed that Powell would be at a low risk of reoffending in her pre-sentence

3

investigation report. Appellant's App. p. 196. Despite this, the trial court found that after reviewing all of the evidence, "overall the circumstances are aggravating," Tr. p. 115-16, and sentenced Powell to twenty years with five suspended, for an executed sentence of fifteen years.

Powell now appeals.

## Discussion and Decision

Powell contends that the trial court considered an improper aggravating factor and did not properly consider certain mitigating factors in his sentencing. He also contends that his sentence is inappropriate in light of the nature of the offense and his character.

## I. Abuse of Discretion

Powell challenges the trial court's finding of his dismissed charges as an aggravating factor and the failure of the trial court to consider Dr. Connor's assessment, Probation Officer Ritzmann's assessment, and his lack of criminal history as mitigating factors. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a

4

sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491. If a trial court abuses its discretion, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

*A. Aggravating Factor*

Powell argues that the trial court abused its discretion in considering as an aggravating factor the charges the State dismissed against Powell as a result of his plea agreement.

"If a trial court accepts a plea agreement under which the State agrees to drop or not file charges, and then uses facts that give rise to those charges to enhance a sentence, it in effect circumvents the plea agreement." *Roney v. State*, 872 N.E.2d 192, 201 (Ind. Ct. App. 2007), *trans. denied.* During sentencing, however, the trial court stated

> The Court has considered the issues presented regarding the relinquishment of certain defenses by the Defendant and the potential of higher penalties based on charges dismissed by the State pursuant to the plea agreement and finds that *the potential defenses and the charges dismissed pursuant to the plea agreement are such that the Court is giving no weight to these factors in sentencing on the Criminal Deviate Conduct* to which the Defendant has entered a voluntary plea of guilty.

5

Tr. p. 114 (emphasis added). The trial court then went on to explain the basis for its sentencing decision, and only referred to the facts that gave rise to the Class B felony criminal deviate conduct charge. *See id.* at 112-16. These statements indicate that the trial court did not consider the dismissed charges as an aggravating factor in sentencing Powell.

### B. Mitigating Factors

Powell also argues that the trial court erred in not considering Dr. Connor's assessment, Probation Officer Ritzmann's assessment, and his lack of a criminal history as mitigating factors. Determining what is a proper mitigating circumstance is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court does not have to accept the defendant's arguments as to what the mitigating factors are, *id.*, and "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Also, it is well settled that we do not review the weight given to an aggravator or mitigator on appeal. *See Anglemyer*, 868 N.E.2d at 491 ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors.").

The record in this case shows that the trial court did explicitly state Powell's lack of criminal history to be a mitigating factor, so there was no error. Tr. p. 114 ("The Court is giving some weight to the lack of prior criminal convictions by the Defendant."). As

6

for the other two mitigating factors raised by Powell, the trial court specifically noted that it had considered both Dr. Connor's and Probation Officer Ritzmann's assessment that Powell was a low risk to reoffend. *Id.* ("The Court has considered the testimony and report of Dr. Connor. The Court considers the recommendation that the Defendant is low risk to reoffend . . . ."). However, the trial court went on to say that in light of the testimony and facts presented, "that overall the circumstances are aggravating . . . ." *Id.* at 115-16.

Since the trial court considered all three of these mitigating factors, Powell is essentially asking us to review the weight given to each of them by the trial court, which we may not do. We therefore hold that the trial court did not abuse its discretion in determining mitigating factors in sentencing Powell.

## II. Inappropriate Sentence

Powell also contends that his fifteen-year executed sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). These tools include probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

The sentencing range for a Class B felony is six to twenty years, with ten years being the advisory term. Ind. Code § 35-50-2-5. Here, the trial court sentenced Powell to twenty years with five years suspended, for a total executed sentence of fifteen years in the DOC. This sentence is within the statutory range, and we note that the trial court ordered a portion of Powell's sentence to be suspended.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Powell adopted a twelve-year-old developmentally

challenged girl who had been previously sexually molested by her biological parents. He used her past experiences and low IQ to manipulate her into a sexual relationship with him. He had sex with her more than two hundred times over several years. These actions left lasting effects on S.P. who still has nightmares every night about Powell. Tr. p. 94. In her dreams, S.P. fears for the life of M.P. and M.P.'s son, and during the day, S.P. is terrified of all other men. The nature of this offense is serious.

Regarding Powell's character, while he does not have a criminal history, he has failed to show any remorse for his actions. He violated his position of trust with S.P. and refused to accept responsibility at the sentencing hearing. When M.P. testified, Powell smiled, smirked, and rolled his eyes, *id.* at 108, 111, and the trial court described his behavior as "openly defiant without remorse." *Id.* at 114. Powell has not convinced us that his character warrants a reduction in his sentence.

After due consideration of the trial court's decision, including the fact that five years of the sentence was suspended, we cannot say that Powell's fifteen-year executed sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

BAILEY, J., and BROWN, J., concur.