**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 23 2014, 10:31 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**CHARLES L. MARTIN**
**C. RICHARD MARTIN**
Martin & Martin, P.C.
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSEPH R. MOSLEY,                          )
                                           )
    Appellant-Defendant,              )
                                           )
        vs.                           )     No.87A01-1312-CR-530
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.               )

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1307-FD-261

**July 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Joseph R. Mosley pleaded guilty to twenty-three counts of class D felony Theft.[1] The trial court sentenced Mosley to a total aggregate term of six years executed followed by six years of probation. On appeal, Mosley challenges the sentence imposed in two respects:

1.    Did the trial court abuse its discretion in determining the sentence imposed?

2.    Is Mosley's sentence inappropriate?

We affirm.

On or about February 15, 2013, Mosley was hired as a maintenance technician for Hamilton Pointe Health and Rehabilitation Center in Newburgh, Indiana. Mosley worked at Hamilton Pointe until he was laid off on June 18, 2013. In his capacity as a maintenance technician, Mosley had access to residents' rooms, apartments, and cottages. At various times throughout his employment at Hamilton Pointe, Mosley took items – mostly gold jewelry, precious stones, and sterling silver utensils – from residents of the facility. An investigation of a reported theft in June 2013 led to Mosley's home, where Mosley was found to be in possession of property belonging to one of the residents of Hamilton Pointe and several testing kits used to determine the quality of silver and gold metal and diamond stones. The investigation further revealed that Mosley would dispose of the items by selling them to pawn shops, gold recyclers, or jewelry stores. Over the course of the four months Mosley was employed at Hamilton Pointe, Mosley made at

---

[1] Ind. Code Ann. § 35-43-4-2 (West, Westlaw current through 2012 Second Regular Session).

least fifty-seven sales to pawn shops, pocketing nearly $42,000 in cash.[2]  In total, there were more than twenty reported thefts from residents of Hamilton Pointe with victims' losses totaling over $200,000.

On July 12, 2013, the State charged Mosley with twenty-four counts of theft, all as class D felonies.  On September 11, 2013, Mosley and the State executed a sentencing agreement that provided that Mosley would plead guilty to Counts 1 through 23 and the State would dismiss Count 24.  With regard to sentencing, the agreement provided:

> The State of Indiana agrees to the following recommendation to the Court for sentencing:  [Mosley] shall be sentenced in the discretion of the Court with both parties free to present evidence and argument.  The State of Indiana will agree that any sentence imposed on Counts 1 through 12 can be executed concurrently with Counts 13-23.  [Mosley] shall be ordered to pay restitution.

*Appellant's Appendix* at 58.  A guilty plea hearing was held on September 16, 2013, at the conclusion of which the court found a factual basis existed and therefore accepted Mosley's guilty plea to Counts 1 through 23.  The court also ordered a pre-sentence investigation report and set a sentencing hearing for November 7, 2013.

In its sentencing statement at the sentencing hearing, the trial court identified Mosley's lack of criminal history as the sole mitigating factor.  The court also identified six aggravating factors:  (1) the harm, injury, loss, or damage suffered by the victims was significant and greater than the elements necessary to prove the commission of the offense; (2) the victims were at least sixty-five years old; (3) based upon the nature of the case, most of the victims had infirmities by age or medical condition such that they chose

---

[2] Not all pawn shops report their sales to the police.

3

to live at Hamilton Pointe; (4) Mosley was in a position of care, custody, or control of the victims of the offenses; (5) Mosley had a definite plan to commit larcenous conduct; and (6) Mosley's conduct occurred over a period of time and involved multiple victims.

Based on the foregoing, the trial court sentenced Mosley to one year on each of Counts 1 through 12 with the sentences to be served consecutively. The trial court ordered the sentences on Counts 1 through 6 to be executed at the Department of Correction and the sentences on Counts 7 through 12 to be suspended to probation, for a total aggregate sentence of six years executed followed by six years of probation. The court also sentenced Mosley to one year on each of Counts 13 through 23, but, in accordance with the sentencing agreement, ordered those sentences served concurrent with the sentences imposed on Counts 1 through 12. As a condition of probation, Mosley was ordered to pay restitution.

1.

Mosley argues that the trial court abused its discretion in sentencing him to twelve consecutive one-year sentences on each of Counts 1 through 12. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. at 490. Circumstances under which a trial court may be found to have abused its discretion include: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that includes reasons not

supported by the record, (3) entering a sentencing statement that omits reasons clearly supported by the record and advanced for consideration, or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482.

A trial court may impose any sentence authorized by statute and permissible under the Indiana Constitution "regardless of the presence or absence of aggravating circumstances." Ind. Code Ann. § 35-38-1-7.1(d) (West, Westlaw current through 2012 Second Regular Session). If a trial court "finds" the existence of aggravating and/or mitigating circumstances, then the trial court is required to give "a statement of the court's reasons for selecting the sentence it imposes." I.C. § 35-38-1-3 (West, Westlaw current through 2012 Second Regular Session).

Mosley first argues that the trial court overlooked several mitigating factors that were clearly supported by the record. The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State,* 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied.* The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* A trial court does not err in failing to find a mitigating factor where that claim is highly disputable in nature, weight, or significance. *Id.* An allegation that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record. *Id.*

5

We begin by noting that the only mitigating factors Mosley advanced for consideration were that he led a relatively law-abiding life and that an overall risk assessment put him in a low risk category to re-offend.[3] Both mitigating factors are implicit in the trial court's recognition of Mosley's lack of criminal history as a mitigating circumstance.

On appeal, Mosley maintains that the trial court failed to consider five additional mitigating factors that he claims are clearly supported by the record: (1) that the crime did not cause or threaten serious harm to persons or property; (2) that the crime was the result of circumstances unlikely to recur; (3) that he is likely to respond affirmatively to probation or short-term imprisonment; (4) his character and his expression of remorse; and (5) that he is willing to make restitution to the victims. Mosley, however, did not proffer any of these mitigating factors to the trial court for consideration. Mosley has therefore waived his claim that the trial court abused its discretion in failing to consider these mitigating factors. *See Bryant v. State*, 802 N.E.2d 486 (Ind. Ct. App. 2004) (holding that failure to proffer a mitigating circumstance at the sentencing hearing results in waiver of issue for appellate review), *trans. denied.*

Waiver notwithstanding, the trial court did not abuse its discretion in not considering the mitigating factors Mosley claims were improperly overlooked. First, with regard to Mosley's claim that the crime did not involve serious injury to persons or property, such mitigating factor should be considered in light of the crime being

---

[3] With regard to his low risk assessment, Mosley advanced such in terms of arguing for placement in a community corrections program.

considered. Indeed, had the crimes in the instant case involved serious injury to persons or property, the crimes would not have been simply theft. In light of the crimes being considered (i.e., theft), we note that Mosley stole over $200,000 in heirloom-type items from residents of an assisted living facility. Aside from the monetary loss, many of the items Mosley stole carried sentimental value that can never be recouped. In terms of theft, the loss sustained was substantial. We cannot say that the trial court abused its discretion in not finding this to be a mitigating factor.

With regard to his claim that this crime is the result of circumstances unlikely to recur, Mosley has failed to establish such mitigating circumstance. Without a crystal ball capable of seeing into the future, we must consider the record before us. Here, the record reflects that Mosley began pilfering items from the residents of the assisted living facility almost immediately after he was hired and that he continued his pattern of conduct for nearly four months, when he was caught. Mosley had in his possession tools for detecting the quality of precious metals and diamonds, further indicating his decision to steal was a calculated, well-thought-out plan, rather than a one-time mistake. There is simply nothing in the record that convinces us that Mosley would not commit the same crimes again if allowed to work in a similar capacity.

Mosley also claims he is likely to respond affirmatively to probation or short-term imprisonment. This is precisely what he received. To be sure, the trial court sentenced

Mosley to one year, which is less than the advisory for a class D felony,[4] on each of twelve counts of theft. Although the trial court ordered the sentences to be served consecutively, the trial court suspended six years of the twelve-year sentence to probation. In light of the number of offenses, the sentence imposed is consistent with a finding that Mosley would respond well to short-term imprisonment and probation. The trial court did not abuse its discretion in this manner.

With regard to his remorse, Mosley's overriding concern at the sentencing hearing was receiving the most lenient sentence so he could "get his life back in order." *Transcript* at 20. Moreover, an expression of remorse is best gauged by the trial court and the credibility of the defendant is a matter solely for the trial court's determination. *See Gibson v. State*, 856 N.E.2d 142 (Ind. Ct. App. 2006). Here, although Mosley apologized to the victims, the trial court apparently found it less than convincing as the trial court noted that Mosley likely would have continued stealing from the residents of the assisted living center had he not been caught. With regard to restitution, we note that Mosley has a significant amount to repay his victims, and further note that Mosley overlooks the fact that he cannot repay the individuals for the sentimental value inherent in the items he stole. Mosley has not established that the trial court abused its discretion in declining to consider these mitigating factors.

---

[4] Ind. Code Ann. § 35-50-2-7 (West, Westlaw current through 2012 Second Regular Session) ("A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years").

Mosley next argues that the trial court abused its discretion by finding aggravating circumstances that are improper or unsupported by the record. Specifically, Mosley argues that the trial court improperly considered (1) that the amount of loss for each theft was in excess of $1000, (2) that the victims were disabled and/or infirm, and (3) that Mosley was in a position of trust with the victims.

Mosley acknowledges that a trial court may consider as an aggravating circumstance that the harm, injury, loss, or damage suffered by the victim was both significant and greater than the elements necessary to prove the commission of the offense. *See* I.C. § 35-38-1-7.1(a). Mosley argues, however, that the loss sustained by the victims in this case does not rise to the level of a "significant" loss so as to justify consideration as an aggravating circumstance.

Here, the smallest individual loss incurred was $800 and the largest was over $31,000, with the collective total being over $200,000. As the trial court noted, "a $1.00 theft could get you a conviction for theft as a D Felony." *Sentencing Transcript* at 24. Although there was no individual loss that would have elevated the crime of theft to a class C felony,[5] it remains that the collective loss was not insignificant. Indeed, we agree with the trial court that the collective loss was "excessive." *Id*. We cannot say that the trial court abused its discretion in considering that the loss suffered by the victims was significant and greater than the elements necessary to prove the commission of the offense.

---

[5] Ind. Code Ann. § 35-43-4-2 (West, Westlaw current through 2012 Second Regular Session) provides that the crime of theft is "a Class C felony if . . . the fair market value of the property is at least one hundred thousand dollars ($100,000)".

Mosley next argues that there is no evidence to support the trial court's finding that the victims were disabled or infirm. In this respect, the trial court noted that "from the nature of this case that most of the victims in this case had some infirmities that— whether by age or medical condition they chose to live at Hamilton Pointe, which was a facility that addressed what their infirmities might be." *Id.* In recognizing the age of the victims and that, either by their age or some type of infirmity they chose to live in an assisted living facility, the trial court was commenting on the nature and circumstances of the crime. Our Supreme Court has held that the nature and circumstances of a crime is a valid aggravating factor. *See McCann v. State*, 749 N.E.2d 1116 (Ind. 2001). The trial court did not abuse its discretion in considering this aggravating factor.

Finally, Mosley argues that the trial court improperly found that he abused a position of trust as an aggravating factor. In explaining this aggravating factor, the trial court noted that this was not a typical scenario. The trial court noted that Mosley was a maintenance man at an assisted living facility and that the residents trusted him. The court noted that Mosley "was [in] a position of care, custody and control of these people to the extent that he had unlimited access to their rooms." *Sentencing Transcript* at 25. Again, the trial court was articulating the nature and circumstances of the crime and found these facts to be aggravating. We cannot say the trial court abused its discretion in this regard.

Having determined that the trial court did not overlook any significant mitigating factors and that the trial court did not improperly consider certain aggravating factors, we

conclude that Mosley has failed to establish that the trial court abused its discretion in sentencing him.

2.

Mosley argues that his sentence is inappropriate. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State,* 895 N.E.2d at 1223. Mosley bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073 (Ind. 2006).

The determination of whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Moreover, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is

11

whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

We begin by noting that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482. The advisory sentence for a class D felony is one and one-half years. *See* I.C. § 35-50-2-7. Here, the trial court sentenced Mosley to one year on each of class-D-felony theft offense, which is less than the advisory sentence. The trial court then ordered the sentences on Counts 1 through 12 to be served consecutively, but then suspended six years of the twelve-year sentence to probation.[6]

We now turn to Mosley's character. We note that Mosley pretended to be of service to the residents of the assisted living center in order to gain access to their homes so he could take their treasured belongings. He used his position to gain the residents' trust and continued with his deceptive practices for nearly four months. Mosley took items with significant financial value and irreplaceable sentimental value. In total, there were twenty-four reported thefts with losses totaling more than $200,000. Moreover, Mosley made dozens of sales to pawn shops and pocketed over $40,000 in cash. This was not a one-time occurrence, but a scheme Mosley concocted that began almost immediately after he was hired at the facility. It says a lot about Mosley's character that even after time for reflection, he went back time and again and took items that did not belong to him for his own personal gain.

---

[6] As noted above, the sentences imposed on Counts 13 through 23 are to be served concurrently with the sentences imposed on Counts 1 through 12 as per the sentencing agreement.

With regard to the nature of the offense, we observe that Mosley stole over $200,000 in heirloom jewelry, silver, and gold pieces from individuals over the age of sixty-five who were living in an assisted living facility. Mosley made dozens of transactions at local pawn shops and pocketed over $40,000 in cash. All of this occurred in the short span of four months.

In light of the nature of the offense and the character of the offender, we cannot say that the sentence imposed is inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.