Steven L. ROGERS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 20A03–0409–PC–421.

Court of Appeals of Indiana.

May 11, 2005.

Transfer Denied July 26, 2005.

---

Susan K. Carpenter, Public Defender of Indiana, Jeffrey R. Wright, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Steven Rogers appeals the denial of his petition for post-conviction relief. We affirm.

### Issues

Rogers raises two issues, which we restate as:

I.   whether his guilty plea to murder was knowingly, intelligently, and voluntarily made when he was not informed of the definition of "knowingly" as the mens rea for murder; and

II.  whether he received ineffective assistance of counsel because defense counsel did not inform him of the definition of "knowingly."

### Facts

On March 19, 1995, Rogers and Michael Nolte got in a fight with Bradford Woodall during which they punched and kicked Woodall in the head, causing him to die of blunt force trauma to the head. On September 18, 1995, Rogers pled guilty to murder and to being an habitual offender. The trial court sentenced Rogers to sixty years on the murder conviction and thirty years, with fifteen suspended, on the habitual offender conviction.

On January 5, 1998, Rogers filed a petition for post conviction relief. On June 4, 2003, the post-conviction court held a hearing on his petition, which it subsequently granted in part and denied in part. Rogers now appeals.

### Analysis

■■■ A petitioner for post-conviction relief has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Wesley v. State*, 788 N.E.2d 1247, 1250 (Ind.2003). In appealing the denial of a petition for post-conviction relief, the petitioner is appealing a negative judg-

ment. *Wesley*, 788 N.E.2d at 1250. Accordingly, the petitioner must convince us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.*

### I.  Definition of "Knowingly"

Rogers argues that he was entitled to post-conviction relief because his guilty plea was not knowingly made. He asserts that because a jury is instructed on the definition of "knowingly" as the mens rea of murder during a trial, he should have been informed of the definition before he pled guilty to murder. He contends, "He did not understand that a unanimous jury needed to believe that he knew, or should have known, that the injuries he and Nolte inflicted on Woodall would result in his death." Appellant's Br. p. 12.

In addressing Rogers' argument, we look to *Patton v. State*, 810 N.E.2d 690, 694 (Ind.2004), which squarely addressed the issue of whether a defendant must be advised of and understand each element of the crime charged during a guilty plea. The court considered federal constitutional law requirements of a guilty plea advisement as explained in *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). The court concluded that *Henderson* stood for four relevant principles: (1) a defendant has a constitutional right to real notice of the true nature of the charge; (2) where the record of the guilty plea hearing contains an explanation of the charge by the trial court or a representation [1] by defense counsel that the nature of the offense has been explained, the defendant's right to real notice will have been honored; (3) where intent is

---

**1.** *Patton* explains that such a representation may be express or it may be presumed that in most cases defense counsel routinely explains the nature of the offense in sufficient detail to give the defendant notice of what he or she is being asked to admit. *Patton*, 810 N.E.2d at 696.

a critical element of the offense, notice of that element must be given; and (4) even if notice is required and has not been given and cannot be presumed, a defendant is not entitled to relief if the error is harmless beyond a reasonable doubt. *Patton*, 810 N.E.2d at 696. Our supreme court also examined the requirements of a guilty plea under state law and concluded that Indiana Code Section 35–35–1–2[2] neither imposes any greater obligations on the trial court nor confers any greater rights on a defendant pleading guilty than those imposed and provided in *Henderson*. *Id*. at 697.

Although the *Patton* court was asked to address whether specific intent in an attempted murder plea is a critical element requiring notice, the court acknowledged, "In many and perhaps most cases in which the issue of notice of the elements of an offense to which a defendant pleads guilty, intent will not be a critical element of the offense." *Id*. Further, unless a critical element of the offense, notice of the element is not necessary to satisfy the due process mandate of real notice of the true nature of the charge required by *Henderson*. *Id*.

The *Patton* court explained that the specific intent element of attempted murder is a critical element of the offense because the act must have been done with the specific intent to kill. *Id*. Murder is the knowing or intentional killing of another human being. Ind.Code § 35–42–1–1. Unlike attempted murder, murder may be committed knowingly, which occurs when a person engages in conduct aware of the high probability he or she is doing so. I.C. § 35–41–2–2(c).

■ Rogers essentially argues that "knowingly" is a critical element of the offense of murder as defined and discussed in *Patton*. Clearly, "knowingly" is a necessary element of the crime of murder as it was pled here in the information, which alleged that Rogers knowingly killed Woodall. It is not, however, a critical element as discussed in *Patton* and which requires additional notice. Based on our reading of the statute, the definition of "knowingly," and the limiting language in *Patton*, we conclude that "knowingly" is a necessary element of murder but not a critical element of murder in the *Patton* sense.

At the guilty plea hearing, Rogers admitted that he got into a fight with Woodall, and during the course of the altercation he struck and kicked Woodall in the head. Based on this factual scenario and the manner in which the crime was charged, Rogers was not required to be given additional notice of the "intent" element of murder. Rogers' guilty plea was knowingly, voluntarily, and intelligently made, and the evidence does not lead unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

## II. Ineffective Assistance of Counsel

■ Rogers also argues that he received ineffective assistance of counsel because defense counsel did not advise him of the definition of knowingly. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that the lawyer's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been differ-

**2.** Among other requirements, Indiana Code Section 35–35–1–2(a) provides that before accepting a guilty plea, the trial court shall determine that the defendant understands the nature of the charges. However, "[a]ny vari-

ance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty." Ind.Code § 35–35–1–2(c).

ent. *Segura v. State*, 749 N.E.2d 496, 500–01 (Ind.2001). In this case, where Rogers is claiming ineffective assistance of counsel after a guilty plea because he was not advised of the definition of knowingly, he must establish there is a reasonable probability that he would not have been convicted had he gone to trial. *See id.* at 501.

■ Rogers, however, has not established that defense counsel's performance fell below an objective standard of reasonableness. Because "knowingly" is not a critical element of murder, notice of the element is not required. Even if as Rogers alleges, defense counsel did not inform him of the definition of knowingly, such definition was not necessary to render his plea valid. Thus, we cannot say that defense counsel's actions fell below an objective standard of reasonableness.

■ Even if defense counsel's actions did fall below an objective standard of reasonableness, Rogers' argument that he was prejudiced by counsel's alleged failure to inform him of the definition of knowingly is without merit. He asserts that had he known the definition of knowingly, he would have gone to and succeeded at trial because the evidence does not clearly indicate he knowingly killed Woodall.

A person acts knowingly when he or she engages in conduct aware of the high probability he or she is doing so. I.C. § 35–41–2–2(c). Rogers admitted that he hit Woodall in the head with his fist and kicked him in the head while Nolte punched and kicked him. The two left Woodall lying on the ground. Rogers then hid his shoes he was wearing and a gun he had in his possession. This evidence indicates that Rogers' knowingly killed Woodall. There is not a reasonable probability that Rogers would have succeeded at trial. The evidence does not lead unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

### Conclusion

"Knowingly" is not a "critical element" of murder in this case, given the language of the charging information and the requirement of *Patton*. Rogers was not entitled to notice of its definition. Further, Rogers did not receive ineffective assistance of counsel. We affirm.

Affirmed.

MAY, J., and DARDEN, J., concur.