Steven **ROGERS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee.**

**No. 20A04–0707–CR–397.**

Court of Appeals of Indiana.

Dec. 13, 2007.

Transfer Denied Jan. 24, 2008.

Kenneth R. Martin, Goshen, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Appellant–Defendant Steven Rogers appeals his sentence imposed following a resentencing hearing on his guilty plea to murder. We affirm.

Rogers raises two issues, which we restate as:

I. Whether the trial court abused its discretion when resentencing Rogers; and

II. Whether Rogers's sentence is inappropriate in light of the nature of his offense and his character.

In March 1995, Rogers and Michael Nolte got into a fight with Bradford Woodall, and they punched and kicked Woodall in the head, causing him to die of a blunt force trauma to the head. *See Rogers v. State*, 827 N.E.2d 78, 80 (Ind.Ct.App.2005), *trans. denied*. The State charged Rogers with murder and alleged that he was a habitual offender.

In September 1995, Rogers entered into a plea agreement and pleaded guilty as charged. In October 1995, the trial court sentenced Rogers to the maximum term of sixty years for his murder conviction and enhanced the sentence by thirty years, with fifteen years suspended, for Rogers's habitual offender determination. When imposing this sentence, the trial court found no mitigating circumstances and identified the following aggravating circumstances: (1) Rogers's prior criminal history, which includes eight felony convictions, multiple misdemeanors, and a violation of probation; (2) Rogers's lack of remorse; (3) Rogers's failure to call for assistance after beating the victim; and (4) Rogers's attempt "to have a material witness kidnapped during the course of the trial." Appendix at 9.

In January 1998, Rogers filed a pro se petition for post-conviction relief, which he later amended by counsel in June 2003. In his post-conviction petition, Rogers argued, in relevant part, that his trial counsel was ineffective for failing to object during sentencing when the trial court sentenced Rogers under the murder statute applying a presumptive fifty-year sentence subject to a ten-year enhancement instead of under the murder statute applying a presumptive forty-year sentence subject to a twenty-year enhancement.[1] The post-conviction court granted post-conviction relief to Rogers on this allegation and set the case for resentencing.[2]

In October 2005, the trial court held the resentencing hearing. The same judge that imposed Rogers's original sentence presided over the resentencing hearing. The trial court identified the same four aggravating circumstances, and again sentenced Rogers to the maximum term of sixty years for his murder conviction, which was enhanced by thirty years, with fifteen years suspended, for Rogers's habitual offender determination.

Rogers filed a notice of appeal within thirty days of sentencing, but he did not

---

1. At the time Rogers committed his crime, there were two versions of the sentencing statute for murder.

2. *See Hicks v. State*, 690 N.E.2d 215, 224 (Ind.1997) (explaining that the murder statute providing for a presumptive forty-year sentence subject to a twenty year enhancement applies to murders that occurred between July 1, 1994 and May 5, 1995).

otherwise complete a direct appeal of his resentencing. In July 2007, Rogers filed a petition with this court seeking permission to file a belated appeal under Indiana Post–Conviction Rule 2(3).[3] We granted Rogers leave to file a belated appeal, and he now appeals his 2005 resentencing for murder.

## I.

The first issue is whether the trial court abused its discretion when sentencing Rogers. Initially, we note that because Rogers committed his offense prior to the April 25, 2005, revisions of the sentencing statutes, we will apply the former presumptive sentencing scheme rather than the current advisory sentencing scheme. See Gutermuth v. State, 868 N.E.2d 427, 431 n. 4 (Ind.2007) (explaining that the long-standing rule is that the sentencing statute in effect at the time a crime is committed governs the sentence for that crime).

■ Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Cotto v. State, 829 N.E.2d 520, 524 (Ind.2005). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." Pierce v. State, 705 N.E.2d 173, 175 (Ind.1998). In order for a trial court to impose an enhanced sentence, it must: (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the

court found those aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. Cotto, 829 N.E.2d at 524–25.

Rogers acknowledges that the trial court properly found his criminal history to be an aggravating circumstance but contends that the trial court erred by finding his lack of remorse, failure to seek assistance, and attempted kidnapping of a witness as aggravating circumstances. Rogers also argues that the trial court erred by failing to find his guilty plea and chemical dependency as mitigating circumstances. We will review each argument in turn.

### A. Mitigators

■ Rogers contends that the trial court erred by failing to find two mitigators. Determining mitigating circumstances is within the discretion of the trial court. Cotto, 829 N.E.2d at 525. The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor, and the court is not required to give the same weight to proffered mitigating factors as the defendant does. Id. A trial court does not err in failing to find mitigation when a mitigation claim is "highly disputable in nature, weight, or significance." Smith v. State, 670 N.E.2d 7, 8 (Ind.1996). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by

---

**3.** Indiana Post–Conviction Rule 2, Section 3 provides:

Any eligible defendant convicted after a trial or plea of guilty may petition the appellate tribunal having jurisdiction by reason of the sentence imposed for permission to pursue a belated appeal of the conviction where he filed a timely notice of appeal, but:

(a) no appeal was perfected for the defendant or the appeal was dismissed for failing to take a necessary step to pursue the appeal;
(b) the failure to perfect the appeal or take the necessary step.was not due to the fault of the defendant; and
(c) the defendant has been diligent in requesting permission to pursue a belated appeal.

the record. *Highbaugh v. State,* 773 N.E.2d 247, 252 (Ind.2002).

Rogers first contends that the trial court abused its discretion because it overlooked his guilty plea as a mitigating circumstance. A guilty plea does not automatically amount to a significant mitigating factor. *Sensback v. State,* 720 N.E.2d 1160, 1165 (Ind.1999). "[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State,* 836 N.E.2d 475, 479 (Ind.Ct.App.2005), *trans. denied.*

Rogers did not include a copy of his guilty plea agreement or the transcript from his guilty plea hearing in the record on appeal. However, the presentence investigation report ("PSI") reveals that Rogers informed the probation officer that the reason he pleaded guilty to murder was because the State said it had a taped phone conversation in which he discussed having a witness kidnapped and held until after trial. *See* Appendix at 70. Additionally, Rogers's own post-conviction petition quotes part of his guilty plea hearing and indicates that the State agreed not to file any charges regarding the conspiracy to commit kidnapping in exchange for Rogers's plea of guilty on the murder charge and habitual offender allegation. *See* Appendix at 35–37. Accordingly, we cannot say that the trial court abused its discretion when it did not give mitigating weight to his guilty plea. *See, e.g., Wells,* 836 N.E.2d at 479–80 (finding no abuse of discretion where the trial court did not accord mitigating weight to the defendant's guilty plea where the defendant's decision to plead guilty was pragmatic).

Rogers further argues that the trial court erred by failing to consider his chemical dependency as a mitigating factor. Rogers, however, did not proffer his chemical dependence as a mitigating factor at the resentencing hearing. Accordingly, he was waived any such argument on appeal. *See Bryant v. State,* 802 N.E.2d 486, 501 (Ind.Ct.App.2004), *trans. denied.*

**B.** *Aggravators*

Rogers argues that the trial court improperly gave aggravating weight to his lack of remorse. A trial court may find a defendant's lack of remorse to be an aggravating factor. *Veal v. State,* 784 N.E.2d 490, 494 (Ind.2003). A defendant lacks remorse when he displays disdain or recalcitrance, the equivalent of "I don't care." *Bluck v. State,* 716 N.E.2d 507, 513 (Ind.Ct.App.1999). This has been distinguished from the right to maintain one's innocence, i.e., "I didn't do it." *Id.*

During Rogers's resentencing hearing, he indicated that the PSI was correct and that he was not updating it. When resentencing Rogers and discussing his lack of remorse, the trial court made reference to the following comments that Rogers made to a probation officer and that are contained in the PSI:

> It's not like I put a gun to a guy's head and pulled the trigger, the guy died from being beat up. The dude was nuts. He was an asshole, simple as that. I'm sorry he died but me and a guy went outside and he got beat up and he died, is that murder? I don't think so.

Appendix at 70. The trial court apparently concluded that Rogers's comments demonstrated a lack of remorse for the crime to which he had previously confessed and pleaded guilty, and we conclude that the trial court's use of this aggravator was not improper.

Rogers also argues that the trial court's use of his failure to seek medi-

cal help for the victim as an aggravating factor was improper because this was an element of his crime. It is true that a factor constituting a material element of a crime cannot be considered an aggravating circumstance when sentencing a defendant. *See Johnson v. State,* 687 N.E.2d 345, 347 (Ind.1997). However, Rogers pleaded guilty to murder, and the murder statute does not require proof that the defendant did not seek medical attention for the victim. *See* Ind.Code § 35–42–1–1. Furthermore, the trial court's reference to Rogers's failure to seek assistance for the victim after the beating seems to have been directed more as a comment on the nature and circumstance of the crime, which is a valid aggravating factor. *See Mitchem v. State,* 685 N.E.2d 671, 680 (Ind.1997). Although the trial court did not specifically label the facts surrounding the crime as a nature and circumstances aggravator, we cannot say that the trial court's reliance on the facts surrounding Rogers's crime as an aggravating circumstance was an abuse of discretion. *See, e.g., Hornbostel v. State,* 757 N.E.2d 170, 183 (Ind.Ct.App.2001) (explaining that because using one's bare hands was not an element of murder, the trial court properly considered the fact that the defendant killed the victim with his bare hands as part of the nature and circumstances of the crime), *trans. denied; see also Brown v. State,* 698 N.E.2d 779, 781 (Ind.1998) (holding that although the trial court failed to "neatly package" aggravating circumstances in the sentencing order, the record demonstrated that the trial court considered the circumstances of the crime in ordering the sentences to be enhanced).

Rogers next challenges the trial court's use of the aggravator regarding Rogers's attempt to kidnap a material witness. Roger suggests that the record did not support this aggravator and argues that it violates the rule announced in *Blakely v.*

*Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Rogers cites to the Indiana Supreme Court's holding in *Gutermuth* and appears to suggest that *Gutermuth* forecloses review of his sentence under *Blakely,* yet, at the same time, he argues that *Blakely* should apply to his resentencing. The State does not contest the application of *Blakely* and instead argues that Rogers admitted to the planned kidnapping in the PSI.

Rogers was originally sentenced in 1995, which was nine years before *Blakely,* but he was resentenced in 2005, which was one year after *Blakely.* Recently, we suggested that when a trial court resentences a defendant on a "pre-*Blakely* conviction" in a "post-*Blakely* world," that the trial court should comply with the requirements of *Blakely. See Kline v. State,* 875 N.E.2d 435, 438 (Ind.Ct.App.2007). Rogers is currently appealing his "post-*Blakely* world" resentencing; however, he is before us on appeal after we granted him permission to file a belated appeal under Indiana Post–Conviction Rule 2(3). In *Gutermuth,* our Indiana Supreme Court held that *Blakely* is "not retroactive for Post–Conviction Rule 2 belated appeals." *Gutermuth,* 868 N.E.2d at 432.

Admittedly, *Gutermuth* dealt with Indiana Post–Conviction Rule 2(1) and the belated appeal of a sentence entered prior to *Blakely,* and here, we are dealing with Indiana Post–Conviction Rule 2(3) and a belated appeal of a sentence entered after *Blakely.* We need not, however, resolve this question of whether *Blakely* applies to Rogers's resentencing under these facts. Even if *Blakely* applied, and the trial court's use of the kidnapping aggravator was improper, we will affirm the sentence when we can say with confidence that the trial court would have imposed the same sentence if it had considered the proper

aggravating circumstances. *See Robertson v. State*, 871 N.E.2d 280, 287 (Ind.2007).

Here, as admitted by Rogers, the trial court properly considered his extensive criminal history as an aggravator. The trial court also properly considered Rogers's lack of remorse and the nature and circumstances of the crimes as aggravators. In light of these aggravators and the fact that the trial court did not overlook any significant mitigators, we can say with confidence that even if the trial court had not considered the kidnapping aggravator, it still would have imposed the maximum sentence for Rogers's murder conviction.

## II.

 The last issue is whether Rogers's sentence is inappropriate. Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind.Ct.App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

 As to the nature of the offense, the record reveals that forty-six-year-old Rogers and his accomplice got into a fight with the victim, who was the brother of his girlfriend. Rogers and his accomplice punched and kicked the victim multiple times in the head and continued to do so after the victim fell to the ground. The victim, who did not have any defensive

wounds, died of a blunt force trauma to the head. After he had beaten and left the victim, Rogers hid his shoes, in an apparent attempt to conceal evidence.

As to Rogers's character, the record reveals that Rogers has an extensive criminal history, which demonstrates his long-standing disregard for the law and unwillingness to conform even after receiving criminal punishment. Specifically, during a twenty-eight year time span, Rogers accumulated eight felony convictions, multiple misdemeanors, and a violation of probation. Rogers's felony convictions include a 1967 burglary conviction, a 1969 theft conviction, a 1969 escape from prison conviction, a 1972 breaking and entering conviction in Florida, a 1972 assault to commit murder conviction in Florida, a 1976 burglary conviction, a 1981 theft conviction, and a 1987 burglary conviction, and his misdemeanor convictions consist of malicious trespass, driving under the influence, two convictions for public intoxication, and two convictions for possession of marijuana. The record also reveals that Rogers was a regular user of alcohol and marijuana since he was a teen, that Rogers denied that he had any alcohol problems, and that he failed to comply with a court-ordered treatment recommendation.

Based on the nature of the offense and Rogers's character, we conclude that the trial court's imposition of a sixty-year sentence for the commission of murder is not inappropriate.

Affirmed.

RILEY, J., and BARNES, J., concur.