**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARSHAWN A. MOORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1312-CR-623 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1307-FA-27

**August 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Marshawn Moore appeals his sentence following his conviction for burglary, as a Class A felony. Moore presents two issues for our review:

1. Whether the trial court abused its discretion when it sentenced him.

2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 1, 2013, Moore and Raymond Richardson knocked on the door of Seth Smith's residence. Smith lived there with his stepmother, Jennifer Smith, and Michael Faller, who is physically disabled and confined to a wheelchair. Smith opened the door "about an inch or two" to see who it was, and Moore and Richardson forced their way into the house. Tr. at 51. Moore and Richardson told Smith and Faller that Jennifer owed them money, and they demanded that Smith give them money. Smith told the men that Jennifer was not there, and both men struck Smith in the head.

Moore and Richardson then proceeded to punch and kick Smith and continued to demand money from him. Moore said to Faller, "You're lucky you're in your wheelchair because I can't hit a man in a wheelchair." Id. at 23. And Moore told Faller to call Jennifer, which he did. Faller told Jennifer that Moore was looking for the money she owed him and was beating up Smith. After they hung up, Jennifer called police. At some point, Moore got a knife from the kitchen and threatened to hurt Smith with it. Moore and Richardson then began to gather tools and a PlayStation II, but Richardson

2

realized that the police had arrived, and Moore and Richardson dropped everything and fled. Police officers quickly apprehended Moore.

The State charged Moore with burglary, as a Class A felony; robbery, as a Class B felony; and battery, as a Class A misdemeanor. A jury found him guilty as charged. The trial court entered judgment of conviction for burglary, as a Class A felony, and sentenced Moore to thirty-five years executed. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion in Sentencing

Moore first contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

3

Moore contends that the trial court abused its discretion when it did not identify as mitigating: his age; that an extended period of incarceration would be a hardship on his three dependents; and his employment. The determination of mitigating circumstances is within the trial court's discretion. Rogers v. State, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), trans. denied. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. Id. A trial court does not err in failing to find a mitigating factor where that claim is highly disputable in nature, weight, or significance. Id. An allegation that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record. Id.

The trial court considered each of Moore's proffered mitigators and rejected them. In particular, the trial court found that Moore was "old enough to know better"; that Moore put himself in the position of not being able to provide for his children during his incarceration; and that it was "troubling that [he was] employed at the time" and still committed this offense. Sent. Tr. at 12. On appeal, Moore has failed to demonstrate that the proffered mitigators are significant and clearly supported by the record. We hold that the trial court did not abuse its discretion when it sentenced Moore.

### Issue Two: Inappropriate Sentence

Moore also contends that his sentence is inappropriate in light of the nature of the offense and his character. Again, the trial court imposed a thirty-five year sentence. The sentencing range for a Class A felony is twenty years to fifty years with the advisory sentence being thirty years. Ind. Code § 35-50-2-4.

Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

And our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Moore first contends that his sentence is inappropriate in light of the nature of the offense. Moore "concede[s] to the seriousness of these felony criminal acts" but alleges that "all of the victims were either drug dealers and/or users." Appellant's Br. at 16. But the character of the victims is not at issue here, and we disapprove of Moore's attempt to use the character of the victims to mitigate the nature of the offense. However, we accept Moore's concession regarding the "seriousness of these felony criminal acts," id., and we further note that the trial court found that Smith obviously "suffers from some mental disability," Sent. Tr. at 13. We cannot say that Moore's sentence is inappropriate in light of the nature of the offense.

As for his character, Moore points out that, as the trial court recognized, he has no criminal history, maintains full-time employment, and provides for three children. But the evidence shows that Moore was dealing in cocaine at the time of the offense. And while Moore boasts having had regular, full-time employment, the presentence investigation report shows that Moore was mostly unable to keep a job for more than a few months before quitting or being laid off. Moore reported having six different jobs between 2009 and 2013, all but one of which lasted six months or less, and he was not employed during 2010. Finally, Moore was found to be at a moderate risk to reoffend under the Indiana Risk Assessment System. We cannot say that Moore's thirty-five-year sentence is inappropriate in light of the nature of the offense or his character.

Affirmed.

BAILEY, J., and PYLE, J., concur.