## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2016, 7:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael P. Quirk | Gregory F. Zoeller |
| Muncie, Indiana | Attorney General of Indiana |
| | Richard C. Webster |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rachel Pittsford, | March 17, 2016 |
| *Appellant-Defendant*, | Court of Appeals Case No. 18A04-1508-CR-1273 |
| v. | Appeal from the Delaware Circuit Court |
| State of Indiana, | The Honorable Marianne L. Vorhees, Judge |
| *Appellee-Plaintiff*. | Trial Court Cause No. 18C01-1502-F4-1 |

**Brown, Judge.**

[1] Rachel Pittsford appeals her sentence for burglary as a level 4 felony. Pittsford raises one issue which we revise and restate as whether the trial court abused its discretion in sentencing her. We affirm.

## Facts and Procedural History

[2] On February 7, 2015, Pittsford broke into the dwelling of Avo Stults in Gaston, Indiana, with the intent of committing theft. She stole prescription pain pills from Stults.

[3] On February 11, 2015, the State charged Pittsford with burglary as a level 4 felony. On June 29, 2015, Pittsford and the State entered into a plea agreement pursuant to which she agreed to plead guilty as charged and the State agreed that, although sentencing would be left to the discretion of the court, the executed portion of her sentence would be capped at four years. That same day, Pittsford pled guilty pursuant to the agreement.

[4] On July 27, 2015, the trial court held a sentencing hearing. At the hearing, Pittsford testified that she was currently pregnant and requested that she be released to drug court due to her substance abuse problems. She stated that she had been off drugs for three months due to her incarceration and that opiates were out of her system. She also admitted that, following her arrest, she was placed on pretrial electronic home detention but that twenty-five days later she cut off the transmitter and absconded, and that she has not sought help for her drug addiction on her own.

[5] The court found that Pittsford's criminal history had minimal aggravating weight and specifically stated that it was giving no weight to certain Florida convictions. It found that her absconding from her pretrial home detention was "useful and weighty" because it "shows alternative sentencing may not be appropriate . . . ." Transcript at 42-43. The court also found as a significant aggravating circumstance that Pittsford has had a drug problem since 1999 but has never voluntarily sought treatment outside of a jail or prison. It found in aggravation that Pittsford knew the victim, who was nearly ninety years old, which showed that she used a degree of care and planning in committing the offense. The court found in mitigation that Pittsford accepted responsibility and pled guilty but assigned minimal weight to her plea because she received a significant benefit. Also, regarding Pittsford's pregnancy, the court stated that it typically does not consider pregnancy as a reason to avoid incarceration and that it thought the State "made a good point in this case that [Pittsford] does not have the necessary skills and resources to combat her drug addiction. She's never faced them outside of an incarceration situation and she's never voluntarily sought treatment," and "the pregnancy probably presents even more reason to send her to the Department of Correction because all it's going to take is one (1) use of an opiate could [sic] harm the baby." Transcript at 45.

[6] The court sentenced Pittsford to four years executed in the Indiana Department of Correction ("DOC"). It also referred her to Purposeful Incarceration and recommended that she complete the Therapeutic Community Program for opiates. The court stated in its order that once Pittsford successfully completed

the program it would modify her sentence and that she could serve the balance of her sentence on supervised probation.

## *Discussion*

[7] The issue is whether the court abused its discretion in sentencing Pittsford. We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[8] Pittsford argues that, because the probation officer considered certain convictions from Florida that took place many years before in making its

recommendation that she serve four years executed, the trial court "used those Florida convictions as an aggravator . . . ." Appellant's Brief at 7. She argues that the court did not give any weight to the facts that she was pregnant and that she was needed at home to care for her other children. She maintains that, due to her pretrial incarceration, she was clean from any drugs and that her husband pledged to turn her in if she used again. She also argues that the court's identification of her cutting her pretrial home detention bracelet was error because that allegation was dismissed. Finally, she suggests that the court abused its discretion by not identifying her attempts at treatment as a mitigator.

[9] The State argues that, to the extent Pittsford suggests she received an aggravated sentence, the advisory sentence for a level four felony is six years. It asserts that the court specifically gave her criminal history minimal weight and stated that it would not consider the Florida convictions. Regarding her pregnancy, the State notes that the court considered it and observed that keeping her incarcerated "would insure that her unborn child would not be harmed or suffer damage from her drug use." Appellee's Brief at 12. The State notes that the court did not consider her attempts to stay clean as a mitigator, noting that she had not sought help on her own and that the only times she was able to stay sober was when she was incarcerated. Regarding her absconding from electronic home detention, the State again notes that Pittsford did not receive an aggravated sentence and that the court considered it as evidence that alternative sentencing would not be appropriate. The State finally observes that her sentence is within the terms of the plea agreement.

[10] To the extent Pittsford argues that the court abused its discretion in failing to identify mitigators, we note that the determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Id.*

[11] First, regarding Pittsford's arguments related to her criminal history, as noted by the State, the court did not give her criminal history significant weight and did not give any weight to her Florida convictions. Second, regarding the burden on Pittsford's family, "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999); *see also Benefield v. State*, 904 N.E.2d 239, 247-248 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied*. Also, to the extent Pittsford is pregnant and she suggested she should therefore avoid

incarceration in the DOC, the court considered her pregnancy and stated that the fact she does not have the skills or resources to stay away from drugs could be a reason to send her to the DOC. Third, the court considered her history of drug use, in which Pittsford testified that she had not sought treatment on her own and her attempts at staying clean occurred only when she was incarcerated. Finally, regarding Pittsford's arguments related to cutting her home detention bracelet, the court found that to be "useful and weighty" because it "shows alternative sentencing may not be appropriate," Transcript at 42-43, and we cannot say that this reasoning was in error.

[12] Pittsford received an executed sentence of four years, which is below the advisory sentence for a level 4 felony and is in accordance with the terms of the plea agreement. Also, the court stated that once Pittsford successfully completed the program it would modify her sentence and that she could serve the balance of her sentence on supervised probation. We cannot say that any of the proposed mitigators by Pittsford are both significant and clearly supported by the record, and we conclude that the court did not abuse its discretion in sentencing her.

### Conclusion

[13] For the foregoing reasons, we affirm Pittsford's sentence for burglary as a level 4 felony.

[14] Affirmed.

Baker, J., and May, J., concur.