## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2016, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Basden Breakfield,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 13, 2016<br><br>Court of Appeals Case No.<br>49A04-1602-CR-230<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Anne Flannelly, Magistrate<br><br>Trial Court Cause No.<br>49G04-1506-F5-22334 |

**Baker, Judge.**

Basden Breakfield appeals the sentence imposed by the trial court after he was convicted of Level 5 felony battery against a public safety official. Breakfield argues that the trial court erred by declining to find his mental health to be a mitigating factor. Finding no error, we affirm.

## Facts

In June 2015, Breakfield was incarcerated at the Marion County Jail, awaiting sentencing in a case in which he had been convicted of eight felonies and two misdemeanors. After expressing suicidal thoughts, Breakfield was placed in the suicide unit.

On June 20, 2015, after Breakfield had showered and gotten dressed, Marion County Sheriff's Deputy Andrew Perryman attempted to escort Breakfield back to his cell. Breakfield asked Deputy Perryman whether he could switch cells. The deputy replied that a move might be possible later, but not immediately. Breakfield then mumbled something about "adjusting" the deputy's chin. Tr. p. 10-11, 21. Deputy Perryman ordered Breakfield a second time to return to his cell, and Breakfield again refused to comply. Breakfield then swung a closed fist at Deputy Perryman's face, striking him in the forehead, causing the deputy to experience pain and redness.

On July 2, 2015, the State charged Breakfield with Level 5 felony battery against a public safety official. After a bench trial held on January 4, 2016, the trial court found Breakfield guilty as charged. A joint sentencing hearing was

held on January 15, 2016.[1] At that hearing, the trial court identified Breakfield's criminal history and the fact that he was in custody at the time he committed the instant crime as aggravators. The trial court did not find any mitigating circumstances, found that the "aggravating factors outweigh[ed] the mitigating factors," and sentenced Breakfield to four years imprisonment, to be served consecutive to the sentences in the other causes. Tr. p. 53-54. Breakfield now appeals.

## Discussion and Decision

[5] Breakfield's sole argument on appeal is that the trial court abused its discretion by declining to find his mental health to be a mitigating factor. The trial court is afforded broad leeway in determining aggravating and mitigating factors. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007). Furthermore, the trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005). When a defendant alleges that the trial court failed to identify a mitigating circumstances, he is required to establish that the mitigator is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

---

[1] The sentencing hearing pertained to this cause, the cause for which Breakfield was already being held in jail, and Cause Number 49G04-1507-F5-23224 (Cause 23224). Breakfield has also appealed his sentence in Cause 23224, and our substantially similar opinion in that cause is handed down under appellate cause number 49A02-1602-CR-268.

[6] In this case, Breakfield presented no evidence to show that he was mentally ill at the time he committed this offense. Specifically, he offered no documentation of diagnosis or treatment, testimony from his doctors, or records of any medication he had been prescribed. In the presentence investigation (PSI) report, Breakfield stated that he had no suicidal thoughts or thoughts of harming himself or others, did not experience hallucinations or delusions, and did not have a family history of mental illness. Breakfield did present evidence that at some point following this offense, he was prescribed mental health medication.[2] But nothing in the record clearly establishes Breakfield's contention that he was mentally ill at the time he committed this offense. Under these circumstances, we find that the trial court did not err by declining to find Breakfield's mental health as a mitigating factor.

[7] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.

---

[2] Defense counsel did not even know what Breakfield's diagnosis was following the mental health evaluation, asking that the PSI reflect that "there was a mental health diagnosis at one point and he is receiving treatment for what I believe to be a mental health condition." Tr. p. 47.