## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2017, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jacob P. Wahl
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason W. Green,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

September 5, 2017

Court of Appeals Case No.
51A01-1702-CR-428

Appeal from the
Martin Circuit Court

The Hon. Lynne E. Ellis, Judge

Trial Court Cause No.
51C01-1608-F4-123

**Bradford, Judge.**

# Case Summary

[1] After a police search of Appellant-Defendant Jason Green's truck uncovered, *inter alia*, methamphetamine, the State charged Green with Level 4 felony dealing in methamphetamine, Level 6 felony methamphetamine possession, Level 6 felony maintaining a common nuisance, and Class C misdemeanor paraphernalia possession. Green pled guilty to Level 5 felony dealing in methamphetamine pursuant to a written plea agreement in which he agreed to a three-year sentence in exchange for dismissal of the remaining charges against him. Additionally, Green's placement was left to the discretion of the trial court. The trial court sentenced Green to three years in the purposeful incarceration program[1] in the Department of Correction ("DOC"). Green contends that the trial court abused its discretion in ordering incarceration and that his placement is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

[2] On August 17, 2016, Green's vehicle was stopped by Major T.A. Burkhardt of the Martin County Sheriff's Department after Green failed to completely stop his truck at a stop sign. A K-9 conducted a sweep of Green's vehicle and indicated the presence of narcotics. Major Burkhardt searched the vehicle,

---

[1] Purposeful incarceration is for "chemically addicted offenders" who, upon successful completion of an "IDOC Therapeutic community[,]" can seek a sentence modification. *See* http://www.in.gov/idoc/ 2798.htm (last visited August 25, 2017).

discovering Green's wallet and driver's license under the driver seat, $1189.00 in cash, scales, and 1.4 grams of methamphetamine.

[3] On August 18, 2016, the State charged Green with Level 4 felony dealing in methamphetamine, Level 6 felony methamphetamine possession, Level 6 felony maintaining a common nuisance, and Class C misdemeanor paraphernalia possession. On January 31, 2017, Green pled guilty pursuant to a written plea agreement to Level 5 felony dealing in methamphetamine and agreed to a three-year sentence in exchange for the dismissal of the remaining charges. Placement of Green—whether in the DOC or in the Martin County Community Corrections program—was left to the trial court's discretion.

[4] Green admitted at the sentencing hearing that he had been dealing methamphetamine in the community "on occasion" and for a "few months." Tr. p. 24. Finding Green's guilty plea mitigating, the trial court found two aggravating circumstances: 1) Green's act of dealing methamphetamine in the community and 2) that Green failed to join a substance abuse treatment class while in jail. The trial court sentenced Green to three years in the DOC, allowing for purposeful incarceration.

# Discussion and Decision

[5] At the outset, we note that Green incorrectly claims that his plea agreement capped his sentence at three years when, in fact, the record is clear that he agreed to a three-year executed sentence with only the question of placement

being within the trial court's discretion. Consequently, we review Green's claims in terms of his placement, not the length of his sentence.

# I. Abuse of Discretion

Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008) ("*Anglemyer II*"). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490-91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id*. There is no

requirement that a trial court generate a list of aggravating and mitigating circumstances, only that it state reasonably detailed reasons. *Id.* at 490. A single aggravating factor can support upper-level sentences. *See Willey v. State*, 712, N.E.2d 434, 446 (Ind. 1999) (stating that a single aggravating circumstance may be sufficient to support an enhanced sentence). Although material elements of the crime may not be considered as aggravating factors at sentencing, the particularized circumstances of the elements properly may be considered as such. *See, e.g., McElroy v. State*, 865 N.E.2d 584, 598-99 (Ind. 2007); *Scott v. State*, 840 N.E.2d 376, 382 (Ind. Ct. App. 2006).

## A. Aggravating Circumstances

[8] The trial court found two aggravating circumstances:[2] 1) Green's act of dealing methamphetamine in the community and 2) that Green failed to join a substance abuse treatment class while in jail. Green argues that the trial court abused its discretion in finding the first aggravating circumstance on the basis that it is merely restating an element of his crime, dealing in methamphetamine. Under the circumstances of this case, this is incorrect. Green pled guilty to possession methamphetamine with the intent to deliver it, not the actual delivery of it. He did, however, admit to actual dealing of methamphetamine in

---

[2] Green claims that the trial court found four distinct aggravating circumstances. We disagree. Green claims that the trial court found him responsible for deaths in Martin County and that Green's son had forgiven him. The trial court merely observed that "it [(methamphetamine)] is killing people in my community" without even suggesting that Green himself was responsible for any person's death. Tr. p. 35. The trial court also merely observed that Green's fourteen-year-old son had forgiven him without identifying this fact as aggravating. In any event, we are at a loss to understand how the forgiveness of Green's son could be considered aggravating.

the community over the course of a few months. Because Green's dealing of methamphetamine in the community over the course of a few months was not the crime to which he pled guilty, the trial court did not abuse its discretion in this regard.

## B. Mitigating Circumstances

[9] Green argues that the trial court abused its discretion in failing to find the hardship on his son to be a mitigating circumstance. Determining what is a proper mitigating circumstance is within the discretion of the trial court. *See Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied*. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. *See Anglemyer II*, 875 N.E.2d at 220–21.

[10] One of the factors the trial court may consider as mitigating is whether "[i]mprisonment of the person will result in undue hardship to the person or the dependents of the person." *See* Ind. Code §35-38-1-7.1(b)(10). Green, however, did not present this allegedly mitigating circumstance to the trial court in any specific terms. If the defendant does not advance a factor to be mitigating at sentencing, we will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000). While Green noted his contribution of child support to his son who lives with his ex-wife, Green

failed to present any evidence or argument that his ex-wife had inadequate resources to raise their son during his short period of incarceration. In short, Green did not argue that his son would suffer any undue hardship during his incarceration. Consequently, Green has waived this particular claim for appellate consideration.

## II. Appropriateness of Sentence

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Following Green's guilty plea to Level 5 felony methamphetamine delivery, the trial court sentenced him to

three years of purposeful incarceration in the DOC. "A person who commits a Level 5 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). Again, we limit our review to whether Green's placement was appropriate, not the length of his sentence, which was fixed at three years by the plea agreement.

[12] The nature of Green's offense justifies incarceration, as opposed to community corrections. Green was convicted of possessing enough methamphetamine to support a Level 5 felony conviction, he admitted to facts that would have supported a Level 4 conviction, *see* Ind. Code § 35-48-4-1.1(c)(1), for which he could have received a sentence of twelve years of incarceration. *See* Ind. Code § 35-50-2-5.5. Moreover, Green's offense was admittedly only the latest part of his ongoing methamphetamine dealing operation in the community. The nature of Green's offense justifies his incarceration.

[13] Green's character also justifies his incarceration. Although Green's criminal history is not lengthy, he does have a 1993 conviction for Class B misdemeanor reckless driving and a 2002 conviction for Class A misdemeanor marijuana possession. Green, who was forty-four years old at sentencing, admitted to first taking methamphetamine when he was twenty-three, using it frequently in his thirties, and taking it last the day before his arrest in this case. Although Green has graduated from a methamphetamine user to a methamphetamine dealer, his actions do not show that he has fully acknowledged his substance-abuse issues, as shown by his failure to enroll in a substance-abuse treatment program

while in jail prior to his guilty plea in this case. Perhaps commitment to purposeful incarceration will provide Green with the help he apparently needs. In light of the nature of his offense and his character, Green has failed to establish that his commitment to purposeful incarceration in the DOC in inappropriate.

[14] We affirm the judgment of the trial court.

May, J., and Barnes, J., concur.