## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 19 2019, 7:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reynaldo Amaro-Perez, *Appellant-Defendant*, | November 19, 2019 |
| | Court of Appeals Case No. 19A-CR-1336 |
| v. | Appeal from the Cass Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable James K. Muehlhausen, Judge |
| | Trial Court Cause No. 09D01-1805-F5-29 |

**Brown, Judge.**

[1] Reynaldo Amaro-Perez appeals his sentence for battery by means of a deadly weapon as a level 5 felony. We affirm.

## Facts and Procedural History

[2] On May 10, 2018, Amaro-Perez argued with Jose Clemente and intentionally threw a knife that cut Clemente's arm. On May 11, 2018, the State charged him with battery by means of a deadly weapon as a level 5 felony and criminal recklessness as a level 6 felony. On April 10, 2019, he pled guilty to battery by means of a deadly weapon, and the State dismissed the criminal recklessness charge.

[3] At the May 16, 2019 sentencing hearing, Amaro-Perez indicated he was married and that he had three children under the age of five who lived with his wife at a separate address. He indicated that his work permit expired in March and that he had to renew it, and answered "[u]m no" when asked "[a]nd so you have not been working."[1] Transcript at 46. In asking for a fully-suspended sentence of three years, his counsel stated Clemente had forgiven Amaro-Perez and that he had two houses, which "he says that they are making mortgages on," and "has children." *Id.* at 65. The prosecutor argued for a sentence of three years, with the first year served in incarceration, the second year in community corrections, and the third year on probation.

---

[1] His counsel later stated that Amaro-Perez was not working "because he's not working illegally, he's trying to obey the law, his work permit expired." Transcript at 65.

[4]     The court found Amaro-Perez's plea of guilty and lack of criminal history as mitigating circumstances and the fact that he tested positive for cannabinoids while awaiting sentence as an aggravating circumstance. After finding that the mitigating circumstances neutralized the aggravating circumstance, it sentenced him to three years, with the first two years to be executed in the Cass County Jail and the third year suspended to probation, with the possibility for the second executed year to be served on community corrections if he qualified and was accepted.

## *Discussion*

[5]     Amaro-Perez claims that the trial court abused its discretion in failing to identify as a mitigator that incarceration would result in undue hardship to his dependents. We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for

resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[6] The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Id.*

[7] Absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). *See also Benefield v. State*, 904 N.E.2d 239, 247-248 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied*.

[8] At sentencing, Amaro-Perez testified that he had three children who lived with their mother at a separate address and answered affirmatively when asked if he supported his children.[2] His counsel merely mentioned in argument that he had children and that "they are making mortgages on" two houses. Transcript at 65. The presentence investigation report ("PSI") has a marital status of "Single" for Amaro-Perez and identifies a contact person, K.B., with a relationship to him of "Girlfriend." Appellant's Appendix at 68-69. The PSI states in the "Dependents" section that he and K.B. have three children, he advised that all three children live with him and his girlfriend, and he reported that he did not owe any child support. The "Financial Situation" section indicates that he reported that his girlfriend is employed and she provides the only income for the family. *Id.* at 71-72. We cannot say that Amaro-Perez has demonstrated that hardship on his dependents is both significant and clearly supported by the record or that the trial court abused its discretion.

[9] For the foregoing reasons, we affirm Amaro-Perez's sentence.

[10] Affirmed.

Altice, J., and Tavitas, J., concur.

---

[2] Through a translator, Amaro-Perez answered affirmatively when asked if he was still married and if the three children live with "their mother and your wife" at an address on Plum Street. Transcript at 46. In explaining why his wife's Plum Street address differed from the address at which he lived, he indicated "[u]h because we are working on" the house at his wife's address and "[t]hat she is there and I am here." *Id.* at 45.