**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANN SUTTON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL COLEMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1401-CR-1 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Cook Crawford, Judge
Cause No. 49F09-1308-FD-53165

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Michael Coleman appeals his convictions for two counts of intimidation, as Class D felonies, and disorderly conduct, as a Class B misdemeanor, following a jury trial. Coleman presents four issues for our review:

1. Whether the trial court abused its discretion when it permitted evidence of Coleman's intoxication and instructed the jury on voluntary intoxication.

2. Whether the trial court abused its discretion when it permitted certain testimony in response to a jury question.

3. Whether the State presented sufficient evidence to support his disorderly conduct conviction.

4. Whether the trial court abused its discretion when it sentenced him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2013, at approximately 11:15 p.m., Indianapolis Metropolitan Police Department Officers Aaron Schlesinger and Ronald Sayles were dispatched to 315 North Chester Avenue "on a call [regarding] a disturbance involving loud subjects, a possible fight, subjects arguing, [and] possible narcotic usage as well." Tr. at 113. When the officers arrived, they found a large house party going on, with approximately eleven to fifteen people standing in the front yard, sidewalk, and street in front of the house, and loud music was being played on the front porch. Officer Schlesinger asked the group "several times" to turn down the music, to no avail. Id. at 118. And Officer Schlesinger asked the partygoers for the name of the homeowner, with no response. Finally, Officer

2

Schlesinger, in a raised voice, threatened to issue a ticket to the homeowner for violating a noise ordinance, and someone turned the music off.

The officers continued trying to find the homeowner when some of the partygoers became "upset" and began "voicing their opinions [and] wondering why" the officers were there. Id. at 120-21. One of the partygoers, Coleman, "became more agitated" and raised his voice so much that three neighbors came outside to see what was going on. Id. at 121. Officer Schlesinger was "trying to calm people down and explain" why he was there, but Coleman remained agitated. Id. After some of the partygoers expressed to the officers that they thought the officers were just "messing with 'em and harassing them for no reason," the officers asked everyone for identification "to verify who they were." Id. at 123.

Officer Schlesinger approached Coleman and asked him for identification, but he responded that he did not have any identification on him. Officer Schlesinger then asked Coleman for his name, date of birth, and social security number. Officer Schlesinger smelled an odor of alcohol on Coleman's breath and person, and Coleman's speech was slightly slurred. Coleman was "slightly combative as if it was a waste of his time" and gave Officer Schlesinger false information two or three times before he gave his real name and birth date. Id. at 129. Coleman continued to yell at Officer Schlesinger and was perceived as the loudest of the partygoers. Because Coleman refused to quiet down after being asked to do so by Officer Schlesinger, the officer arrested Coleman for disorderly conduct.

After Coleman was placed in handcuffs and ordered to sit on the sidewalk, Officer Sayles monitored Coleman while Officer Schlesinger "conducted paperwork in [his] vehicle." Id. at 131. Coleman started talking to Officer Sayles and said that "the arrest was bulls[***]," and Coleman was "calling Officer Schlesinger names[,]" including "racial slurs." Id. at 159. Coleman then stated that he was going to "AK" the officers, which Officer Sayles interpreted to mean that he was going to "shoot us with an AK-47-style rifle." Id. Coleman stated that he was "going to be on top of [the residence] with his rifle . . . [and would shoot] a hundred rounds every time [the officers drove by] in [their] police vehicles on Chester Avenue." Id. Coleman stated that he was going to kill the officers, their wives, and their children. Coleman stated that he was going to go to their funerals and laugh at them and "sodomize [their wives] on top of [their] grave[s]." Id. at 160. Coleman eventually communicated the threats directly to Officer Schlesinger, too. Coleman also stated to Officer Sayles that "he had shot somebody before and [had] gotten away with it . . . [because] he had gotten the witnesses silenced." Id. at 171-72.

The State charged Coleman with two counts of intimidation, as Class D felonies, and disorderly conduct, as a Class B misdemeanor. The State also charged Coleman with being an habitual offender. At trial, after the jury began deliberating on the first phase of the trial, the State dismissed the habitual offender count. The jury found Coleman guilty of the remaining charges. The trial court entered judgment accordingly and sentenced Coleman to an aggregate sentence of 545 days in the Department of Correction and 185 days on home detention. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One:  Voluntary Intoxication

Coleman first contends that the trial court abused its discretion when it permitted evidence of his intoxication and instructed the jury on voluntary intoxication.  In particular, Coleman maintains that "the State both raised the issue of intoxication[] and then sought to discredit it."  Appellant's Br. at 7.  And Coleman argues that it was "defense counsel's decision whether to put forth an intoxication defense," and he chose not to do so.  Id. at 8.  Coleman asserts that "[r]aising a defense that the actual defendant did not put forth in order to discredit him must be a due process violation of great magnitude[] and should not be permitted."[1]  Id.

Our standard of review of a trial court's admission of evidence is an abuse of discretion.  Speybroeck v. State, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007).  A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court or if the court misapplies the law.  See id.  With respect to jury instructions, we have explained that

> [t]he purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict.  Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion.  Jury instructions are not to be considered in isolation, but as a whole and in reference to each other.  The instructions must be a complete, accurate statement of the law which will not confuse or mislead the jury.

---

[1]  Coleman makes no cogent argument to support his bald assertion that he was denied his right to due process or his Sixth Amendment right "to present a defense."  Appellant's Br. at 8.  Those issues are waived.  Ind. Appellate Rule 46(A)(8)(a).

Williams v. State, 891 N.E.2d 621, 630 (Ind. Ct. App. 2008) (citations and quotations omitted).

Here, at trial, the State presented evidence that Coleman was intoxicated, including the fact that he smelled of alcohol, his speech was slightly slurred, and his eyes were slightly glassy and red. Coleman did not object to any of the State's evidence regarding his intoxication. Failure to object to the admission of evidence at trial normally results in waiver and precludes appellate review unless its admission constitutes fundamental error. Konopasek v. State, 946 N.E.2d 23, 27 (Ind. 2011). But, in his brief on appeal, Coleman does not contend that the admission of that evidence was fundamental error. Coleman has waived the admission of evidence issue on appeal.

Next, the trial court gave the following jury instruction proffered by the State: "Voluntary intoxication is not a defense to the charges of intimidation and disorderly conduct. You may not take voluntary intoxication into consideration in determining whether the defendant acted intentionally, knowingly[,] or recklessly as alleged in the information." Appellant's App. at 161. Coleman objected to the instruction as follows:

> [W]e do not object as to the first line, however, we would object as to the second [line]. With the fact that it's going into the intentionally knowingly or recklessly [sic] as alleged in this information. So, therefore, we would argue that the second line of the jury instruction should be stricken.

Tr. at 193. Coleman did not object to the instruction on the grounds that the evidence did not support the instruction.

On appeal, Coleman's sole contention is that the jury instruction was improper because he never raised an intoxication defense and "the facts brought by the defense did not support giving such an instruction." Appellant's Br. at 8. But it is well settled that a

6

defendant may not raise one ground for objection at trial and argue a different ground on appeal. Small v. State, 736 N.E.2d 742, 747 (Ind. 2000). And, again, Coleman makes no contention that the trial court committed fundamental error when it gave the challenged jury instruction. Coleman has waived this issue for our review.

**Issue Two: Admission of Evidence**

Coleman contends that the trial court abused its discretion when it permitted Officer Sayles to respond to the following jury question: "In what way was Mr. Coleman saying that he'd gotten away with it before? Did he describe anything?" Tr. at 171. The trial court permitted Officer Sayles to answer the question over Coleman's objection. Officer Sayles testified as follows: "He said he had shot somebody before and gotten away with it. He said he had gotten the witnesses silenced." Id. at 171-72.

On appeal, Coleman contends that the trial court should have excluded this evidence under Evidence Rules 403 and 404(b). But Coleman does not direct us to any part of the record to show that he objected to the evidence on those grounds to the trial court. Rather, the "court reporter was unable to hear [Coleman's] objections and arguments" regarding the challenged jury question, and "they are described as 'inaudible' in the appellate record." Ind. Appellate Rule 31(C) Verified Statement of Evidence at 4. Accordingly, Coleman prepared, and the trial court certified, a Verified Statement of the Evidence to clarify that, in response to the challenged jury question, he "reiterated the continuing objection stated earlier in Mr. Sayles' testimony with respect to Mr. Coleman's statements to the officers." Id.

7

But, in support of his contention on appeal, Coleman does not direct us to any part of the record showing that his continuing objection to Coleman's statements to the officers, "stated earlier in Mr. Sayles' testimony," was based on Trial Rule 403 or 404(b) grounds. Id. And our review of the record does not indicate on what grounds a continuing objection was made. As we explained in Showalter v. Town of Thorntown, 902 N.E.2d 338, 342 (Ind. Ct. App. 2009), trans. denied:

> A party generally waives appellate review of an issue or argument unless that party presented that issue or argument before the trial court. . . .
>
> * * *
>
> This rule exists because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties. Appellate courts, on the other hand, have the authority to review questions of law and to judge the sufficiency of the evidence supporting a decision. The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider. Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case. . . .

(Emphasis in original; citations and quotations omitted). Because Coleman has not demonstrated that he made an objection to the challenged jury question on Trial Rule 403 or 404(b) grounds to the trial court, Coleman has waived this issue for our review.

### Issue Three: Sufficiency of the Evidence

Coleman next contends that the State presented insufficient evidence to support his disorderly conduct conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that

8

evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To prove disorderly conduct, as a Class B misdemeanor, the State was required to show that Coleman recklessly, knowingly, or intentionally made unreasonable noise and continued to do so after being asked to stop. Ind. Code § 35-45-1-3(a)(2). Coleman maintains that the State "must prove the defendant produced decibels of sound that were too loud for the circumstances" and that the harm suffered as a result of the noise "rose above the level of a 'fleeting annoyance.'" Appellant's Br. at 12-13 (citing Whittington v. State, 669 N.E.2d 1363, 1367 (Ind. 1996), and Price v. State, 622 N.E.2d 954, 960 (Ind. 1993)). This, Coleman contends, the State failed to do.

But the State presented evidence that Coleman was the "loudest" of the partygoers, and he was yelling so loudly that, on two separate occasions, several neighbors emerged from their houses to see what was going on. Tr. at 123. Officers told Coleman to stop yelling multiple times, but he continued to yell. Officer Schlesinger testified that he "lost count" of how many times he had told Coleman to stop yelling. Id. at 139. Coleman's argument on appeal amounts to a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to support his disorderly conduct conviction.

**Issue Four: Sentencing**

Finally, Coleman contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court

9

and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .

> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Coleman contends that the trial court abused its discretion when it did not identify as mitigating: "the hardship [of his incarceration on] Mr. Coleman's children, Mr. Coleman's drinking as an untreated disease, the letter of apology [to the victims,] and the fact that there was no physical injury sustained in this case." Appellant's Br. at 9. The determination of mitigating circumstances is within the trial court's discretion. Rogers v. State, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), trans. denied. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. Id. A trial court does not err in failing to find a mitigating factor where that claim is highly disputable in nature, weight, or significance. Id. An allegation

10

that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record. Id.

On appeal, Coleman argues that the trial court should have identified his proffered mitigators based solely on his self-serving statements at the sentencing hearing. But Coleman has not demonstrated that the proffered mitigators are significant and clearly supported by the record. Indeed, as the State points out, "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999). Coleman alleges no special circumstances here. Further, "a history of substance abuse is sometimes found by trial courts to be an aggravator, not a mitigator." Iddings v. State, 772 N.E.2d 1006, 1018 (Ind. Ct. App. 2002), trans. denied. And Coleman apologized to the victims as follows: "I would like to apologize to the officers if I said anything to 'em about their families or kids or to 'em while I was drunk. I would never say 'em things if I had a sober mind." Pre-Sentence Investigation Report at 15. That attempt at an apology does not clearly support mitigation of Coleman's sentence. Finally, Coleman does not explain how the fact that no one was injured by his actions supports a finding of mitigation. We hold that the trial court did not abuse its discretion when it sentenced Coleman.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.