## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2016, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sandra M. Bowers,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | June 29, 2016<br><br>Court of Appeals Case No.<br>03A01-1511-CR-2042<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause No.<br>03D01-1501-F3-178 |

**Brown, Judge.**

[1] Sandra M. Bowers appeals her sentence for dealing in methamphetamine as a level 3 felony. Bowers raises one issue which we revise and restate as whether the trial court abused its discretion in sentencing her. We affirm.

## Facts and Procedural History

[2] On July 3, 2014, Bowers was stopped by police and found in possession of methamphetamine. After she was placed in a police vehicle at her request, the police discovered a digital scale with white powder residue on the floor near the driver's seat. The top of the scale tested positive for methamphetamine. One of the officers informed Bowers that she was being arrested for possession of paraphernalia. The police also discovered a clear baggy in her right front pocket, and an officer asked her if she had anything else on her person. Bowers reached her arms near the front of her pants, reached down, and retrieved a clear bag containing methamphetamine. Upon questioning by police, Bowers admitted to selling methamphetamine.

[3] On January 12, 2015, the State charged Bowers with Count I, dealing in methamphetamine as a level 3 felony, and Count II, possession of methamphetamine as a level 5 felony. On October 5, 2015, Bowers signed a plea agreement in which she pled guilty to Count I, dealing in methamphetamine as a level 3 felony, and Count II was dismissed.

[4] On October 30, 2015, the court held a hearing at which Bowers testified that she dealt drugs on June 27, 2014, and July 2, 2014, and that a police officer "knew that [she] was going to pick up some more, so he pulled me over."

Transcript at 14-15. On cross-examination, Bowers indicated that the presentence investigation report stated that she reported that she was not a drug dealer, only a drug user. She testified that she would have to sell drugs regularly to qualify as a drug dealer, that she did not sell drugs "very often," and that she sold drugs "[e]very couple of days." *Id.* at 27. After the presentation of evidence, the court and the parties discussed whether the sentence should be served consecutive to other cause numbers. When the court asked for final argument from Bowers's counsel, he stated in part: "[T]hat's preliminarily, or primarily our argument, Judge, that we would ask the Court, in it's [sic] discretion to run this case concurrently with uh 41C01-1411-FA-21 . . . ." *Id.* at 36. He also stated that Bowers was doing well in prison and taking advantage of the programs that the court in Johnson County recommended for her.

[5] The court accepted the plea agreement, dismissed Count II, and entered a judgment of conviction for Count I, dealing in methamphetamine as a level 3 felony. The court found no mitigating circumstances and the following aggravating circumstances: Bowers's criminal history or delinquent behavior, her recent violation of the conditions of any probation, parole, community corrections placement, or pretrial release, that she has had the opportunity for treatment outside of a penal facility and has been unsuccessful, and that she has been placed on probation multiple times and has had multiple petitions to revoke probation filed against her. The court sentenced her to twelve years

with ten years executed and two years suspended to probation, and ordered that the sentence be served consecutive to three other cause numbers.

### *Discussion*

[6]     The issue is whether the trial court abused its discretion in sentencing Bowers. Bowers argues that the trial court abused its discretion when it failed to consider her admissions to and cooperation with police and guilty plea as significant mitigating factors. She asserts that this Court could impose a sentence less than twelve years or it could order that her sentence run concurrently with the sentence from one of the three other causes.

[7]     The State argues that Bowers waived appellate review of this issue because she never raised or argued the mitigating circumstances she now claims the trial court should have considered, and that, waiver notwithstanding, her arguments do not have merit. It asserts that Bowers did not cooperate with the police from the outset and waited until the officers discovered a set of scales with the white powder residue of methamphetamine on it and advised her she was going to be arrested. With respect to her guilty plea, the State contends that Bowers pled guilty approximately two weeks before trial was scheduled to begin, substantial evidence was recovered from her person and vehicle, and she received a substantial benefit by pleading guilty.

[8]     We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect

of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[9] The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the trial court does not find the existence of a mitigating factor after it has

been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Id.*

[10] As for Bowers's assertion that she provided admissions and cooperation to the police, we note that she did not advance this as a mitigator to the trial court. "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Henley v. State*, 881 N.E.2d 639, 651 (Ind. 2008) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000), *reh'g denied*).

[11] However, even though Bowers did not raise her guilty plea as a mitigating factor at sentencing, it can still be raised for the first time on appeal. *See Anglemyer*, 875 N.E.2d at 220 (observing that the general proposition that a trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing "has at least one important exception, namely: pleas of guilty," holding that "[a]lthough Anglemyer did not argue before the sentencing court that his guilty plea was a mitigating factor, this does not preclude him from raising the issue for the first time on appeal," and examining the trial court's failure to mention this factor under the abuse of discretion standard of review).

[12] A defendant who pleads guilty deserves some mitigating weight be given to the plea in return. *Id.* "But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating

evidence is not only supported by the record but also that the mitigating evidence is significant." *Id.* at 220-221. The significance of a guilty plea as a mitigating factor varies from case to case. *Id.* For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility or when the defendant receives a substantial benefit in return for the plea. *Id.*

[13] The record shows that Bowers did not plead guilty until almost nine months after being charged and fifteen days before the scheduled jury trial. The plea agreement was more likely the result of pragmatism than acceptance of responsibility and remorse, as the evidence against her was discovered in the vehicle she was driving and on her person. The trial court stated:

> Ma'am your testimony it seems to me that, it sounds to me like you are blaming the Police Officer for stopping you and uh, you know I heard you say something that he knew I was going to get more drugs, so he waited for me to do that, as if somehow that places any burden or responsibility on the Police Officer, which I find, rather disturbing that you are placing that responsibility for your conduct on the Officer for stopping you and for finding these things. It is nobody's fault that you are dealing drugs, other than yours, and you are, in fact a drug dealer, there is no question. There is no question it doesn't matter if you deal it every single day, or every other day, or once a month, you are still a drug dealer and that is what you are doing. And when you deal drugs you are not only supporting your own habit, but you are causing other people to sink further into their own addiction. So you have accountability for your own actions.

Transcript at 42. We cannot say that Bowers has demonstrated that her guilty plea was a significant mitigating circumstance or that the trial court abused its discretion.

[14] Even assuming that the trial court abused its discretion, we can say with confidence that the trial court would have imposed the same sentence given its comments at the sentencing hearing and the aggravators, which Bowers does not challenge and which include a criminal history consisting of convictions for possession of cocaine/methamphetamine or schedule I or II narcotic drug as a class D felony and possession of marijuana/hash oil/hashish as a class A misdemeanor in 2006; possession of methamphetamine as a class D felony in 2011; operating while intoxicated and endangering a person as a class A misdemeanor, two counts of driving while suspended as class A misdemeanors, unlawful possession or use of a legend drug or precursor as a class D felony, and possession of paraphernalia as a class A misdemeanor in 2014; and dealing in methamphetamine as a class B felony and dealing in methamphetamine as a level 5 felony in 2015.

## *Conclusion*

[15] For the foregoing reasons, we affirm Bowers's sentence.

[16] Affirmed.

Baker, J., and May, J., concur.