## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 07 2017, 6:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Aron Barricks, *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff*. | November 7, 2017 <br><br> Court of Appeals Case No. 79A02-1706-CR-1307 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1609-F4-38 |

**Brown, Judge.**

[1] Matthew Aron Barricks appeals his sentence for child solicitation as a level 4 felony. Barricks raises two issues which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing him; and

II. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

### *Facts and Procedural History*

[2] On August 15 through August 18, 2016, Barricks, who was born on May 18, 1991, exchanged messages with S.S. via Facebook. Barricks asked S.S. how old she was, and S.S. indicated that she was about to be fifteen years old. Barricks stated that he was twenty-five years old and solicited S.S. to engage in sexual intercourse or other sexual conduct or any fondling or touching intended to arouse or satisfy the sexual desires of either himself or S.S. Barricks sent S.S. a picture of his penis. During the conversation, S.S. told Barricks that she was a virgin, and Barricks stated: "I'll teach you." State's Exhibit 1 at 12. Barricks later stated: "You being almost 15 doesn't bother me." *Id.* at 30. He also stated: "We just have to keep it really quiet so neither of us gets in trouble." *Id.* at 34. Barricks eventually asked S.S. where they were going to have sex and suggested a cheap hotel room and that S.S. could tell her mother she was staying with a friend. Barricks also stated: "You're gonna be the youngest person I've ever had sex with." *Id.* at 50. He also told S.S. to "sneak out." *Id.* at 61.

[3]     On September 2, 2016, the State charged Barricks with: Count I, sexual misconduct with a minor as a level 4 felony; Count II, sexual misconduct with a minor as a level 4 felony; Count III, sexual misconduct with a minor as a level 4 felony; Count IV, child solicitation as a level 4 felony; and Count V, sexual misconduct with a minor as a level 5 felony.

[4]     On April 10, 2017, the court held a hearing and a plea agreement was filed pursuant to which Barricks agreed to plead guilty to child solicitation as a level 4 felony and the State agreed to dismiss the remaining charges. The plea agreement provided that Barricks "shall receive the sentence this Court deems appropriate after hearing any evidence or argument of counsel." Appellant's Appendix Volume II at 38.

[5]     On May 19, 2017, the court held a sentencing hearing. Lena Barricks, Barricks's grandmother, testified that Barricks lived with her for the prior eight years, that he was not a bad person, and that he had a four-year-old son who would be devastated if Barricks was out of his life. She testified that Barricks's child resided in Brookston, that Barricks had regular visitation, and that he paid child support when he was working. Barricks's sister Breanna Hummer testified that he was a good father. Barricks testified that he was last employed in March 2017. When asked what he learned from this case, Barricks answered: "Not to do it again. That whatever sentence I get this time, if I were to – when I get done it with it all, if I were to do it again that it's going to be much more severe and I'm – that's about it." Transcript Volume II at 41. The probation officer completing the presentence investigation report ("PSI")

recommended a sentence of eight years in the Department of Correction ("DOC").

[6] The trial court stated that the Facebook messages between Barricks and S.S. were vulgar, obscene, and "were asking her to engage in graphic sexual behavior." *Id.* at 56. The court stated it was "clear in those text messages that you knew exactly who you were talking to and that you knew that she was under 15" and that "[t]here were statements in those messages that you said to her you being almost 15 doesn't bother me." *Id.* at 57. It stated that it understood Barricks pled guilty but that "by some of the statements made here and elsewhere this court has some serious concerns about your accepting full responsibility here." *Id.* at 58. The court acknowledged that Barricks had an employment record but stated: "It's a bit sketchy, you haven't maintained regular employment but you do show some willingness to work." *Id.* The court also noted:

> I'm not sure hardship, long term imprisonment would be a hardship on your child because I'm not quite sure that you're – I understand – it appears to me that there is an emotional bond with the child and that he sees the child on regular basis and he has [sic] commended for that. So long as he is providing a good role model for that child but what he does with this kind of stuff is not necessarily a good role model for that little child. But he hasn't consistently supported the child financially and he's behind because he's not working. So I mean I give him some credit that a hardship might be imposed if you were to go away on – for that child but I'm not sure that he's fully supporting that child to the fullest extent that he can.

*Id.* at 58-59.  The court stated: "On the aggravating side you have a criminal history but it's really very limited.  It's the one conviction and you do have some juvenile – contacts with the juvenile system.  I find that as an aggravator but not a strong aggravator." *Id.* at 59.  The court also stated: "But all in all I think that this being your first felony offense I – because of the lack of criminal history I am going to find the aggravators and the mitigators balance." *Id.* at 60.

[7]     In an amended sentencing order, the court found the following aggravating factors: Barricks's limited criminal history including juvenile contacts, the circumstances and nature of the crime, that Barricks was not completely truthful with law enforcement, and that he showed a lack of remorse.  The court found the following mitigating factors: Barricks "pled guilty, although diminished by the benefits he is receiving from the plea agreement; by pleading guilty the victim did not have to testify; he has some employment history; and he has family support." Appellant's Appendix Volume II at 86.  The court found that the aggravating factors and mitigating factors balance and sentenced Barricks to six years with three years executed in the DOC and three years suspended with the first year being served through Tippecanoe County Community Corrections.

## *Discussion*

### I.

[8] The first issue is whether the trial court abused its discretion in sentencing Barricks. We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[9] Barricks argues that the trial court abused its discretion by declining to identify the hardship on his son as a mitigating circumstance. He also asserts that his criminal history is arguably mitigating. The State responds that Barricks's claim that the trial court declined to identify the hardship he alleged as a mitigator is rebutted by the record. It also contends that he failed to prove an

undue hardship to his son from incarceration and that his argument amounts to a complaint that the trial court did not assign enough mitigating weight to his proposed hardship.

[10] The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and the court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the court does not find the existence of a mitigating factor after it has been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Id.*

[11] "[A]bsent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999); *see also Benefield v. State*, 904 N.E.2d 239, 247-248 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied*. We observe that the trial court discussed hardship and stated "I'm not sure . . . hardship, long term imprisonment would be a hardship on your child . . . ." Transcript Volume II at 58. It also stated: "I give him some credit that a hardship might be

imposed if you were to go away on – for that child but I'm not sure that he's fully supporting that child to the fullest extent that he can." *Id.* at 59. We cannot say that Barricks has demonstrated special circumstances or that hardship on his dependent is both significant and clearly supported by the record.

[12] To the extent Barricks asserts that his criminal history is mitigating, we observe that the PSI reveals that, as a juvenile, he was alleged to have committed a battery as a class B misdemeanor if committed by an adult in 2001 and 2003, and that as an adult he was convicted of criminal mischief as a class A misdemeanor in 2014. At the sentencing hearing, the trial court stated: "On the aggravating side you have a criminal history but it's really very limited. It's the one conviction and you do have some juvenile – contacts with the juvenile system. I find that as an aggravator but not a strong aggravator." Transcript Volume II at 59. The court also stated: "But all in all I think that this being your first felony offense I – because of the lack of criminal history I am going to find the aggravators and the mitigators balance." *Id.* at 60. We cannot say that the trial court abused its discretion in sentencing him on this basis.

## II.

[13] The next issue is whether Barricks's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of

the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] Barricks argues that his offense is less egregious than the typical offense because his communication with S.S. lasted only a short period of time, a vast majority of the communication was via the Internet, and S.S. was a willing participant in their communications. He also argues that he has worked to be a good father to his son, enjoys a strong family support system, has a history of employment, and has no history of illegal substance abuse. He asserts that his solitary prior misdemeanor is insignificant. The State argues that Barricks's advisory sentence is not inappropriate.

[15] Our review of the nature of the offense reveals that Barricks, who was born on May 18, 1991, solicited S.S., who had told him that she was about to turn fifteen years old, to engage in sexual intercourse or other sexual conduct or any fondling or touching intended to arouse or satisfy the sexual desires of either himself or S.S. Barricks sent S.S. a photo of his penis, told her that her being fifteen years old did not bother him, and that they had to "keep it really quiet so neither of us gets in trouble." State's Exhibit 1 at 34.

[16] Our review of the character of the offender reveals that Barricks pled guilty to child solicitation as a level 4 felony and the State dismissed three counts of sexual misconduct with a minor as level 4 felonies and one count of sexual misconduct with a minor as a level 5 felony. As a juvenile, Barricks was alleged

to have committed a battery as a class B misdemeanor if committed by an adult in 2001 and 2003 and was released to a parent and given a warning each time. As an adult, Barricks was convicted of criminal mischief as a class A misdemeanor in 2014 and sentenced to one year suspended to unsupervised probation. A petition to revoke probation was filed but later dismissed.

[17] Barricks has a four-year-old child and reported having contact with his child every other weekend and being ordered to pay fifty-five dollars per week in child support. He worked from March 2012 to November 2013 as a cashier until he "got a different job," worked from November 2013 to May 2014 in shipping until he "got let go," worked from December 2014 to February 2015 as a stocker until he "quit/sick," worked from December 2015 to March 2016 as a receptionist until he quit, worked as a tree trimmer from August 2016 until the end of the season in October 2016, and worked from February 2017 to March 2017 as a laborer until he was fired for "no call, no show." Appellant's Appendix Volume II at 96. The PSI indicates that Barricks was asked how he feels about what happened and he responded: "I'm not sure." *Id.* at 97. He also stated that he did not have "any feelings good or bad" towards the victim. *Id.*

[18] After due consideration, we conclude that Barricks has not sustained his burden of establishing that his advisory sentence of six years with three years suspended is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[19] For the foregoing reasons, we affirm Barricks's sentence.

[20] Affirmed.

Najam, J., and Kirsch, J.,concur.